# APRIL TERM, 1892.*

92 1
105 481

92 1
116 445
117 534

CHARLES H. PLUMMER v. ERASTUS F. GOULD AND JAMES B. PETER.

*Deed—Construction—Description—Recital as to intention.*

Where a general description in a deed is followed by a clause summing up the intention of the parties as to the premises conveyed, such clause will have a controlling effect upon all prior phrases used in the description.

Error to Saginaw. (Gage, J.) Argued April 13 and 14, 1892. Decided May 20, 1892.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Tarsney & Weadock,* for appellant:

1. In opposition to the claim of defendants that the clause purporting to declare the intention of the parties as to the property conveyed had the effect of restricting the interest granted to such interest as the grantors had in the property, either in possession or expectancy, through or under the deeds named in the clause, counsel cited *Dubois v. Campau,* 24 Mich. 360; *Hoffman v. Harrington,* 28 Id. 102.

*Hanchett, Stark & Hanchett,* for defendants, contended for the doctrine of the opinion, and cited the authorities therein cited.

LONG, J. Plaintiff brought ejectment for a strip of

---

* Continued from Vol. 91.

land between blocks 59 and 60 of Hiram C. Driggs' plat of the Penoyer farm as an addition to the city of Saginaw, in the State of Michigan. The strip in controversy is called "Ninth Street" on the plat, and is described in the declaration as—

"All that certain piece. or parcel of land situate, lying, and being in the city of Saginaw, in said State, and known and designated as 'Ninth Street,' being sixty-six feet in width, and extending from the north line of ' Irving Avenue,' so called, on the south, to the south line of 'Congress Avenue,' so called, on the north, and through and between blocks number 59 and 60 of Hiram C. Driggs' plat of 'Penoyer Farm,' so called, of record in the office of the register of deeds for Saginaw county, Michigan, which said premises the plaintiff claims in fee."

The following plat shows the situation of the premises:

The parties claim title from the common grantor, Hiram C. Driggs.

It appears that on November 25, 1864, Hiram C. Driggs,

being sole owner of 320 acres of land on sections 23 and 24, township 12 N., of range 4 E., platted it into blocks, lots, and streets as an addition to the city of Saginaw. The piece of land in controversy is a portion of one of the streets so platted. This plat was executed and recorded in accordance with the act of 1839 then in force. The act provides that the owner shall cause a true map to be made by a surveyor, acknowledged by the owner and surveyor, and shall cause the same to be recorded, before any lots therein are offered for sale, and provides a penalty for any sale before such platting and recording; that such platting and recording shall be deemed a sufficient conveyance to vest the fee of such parcels of land as are therein expressed, named, or intended for public uses in the county, in trust to and for the uses and purposes therein named; that proceedings may be had before the circuit court, under certain conditions, to vacate the plat, or parts thereof, wherein notice to all persons interested shall be given; and, if the plat or any portion of it is vacated, the streets or alleys vacated shall attach to the lots bordering on such streets or alleys, and the title thereto shall vest in the persons owning the property on each side to the center of such street or alley. How. Stat. chap. 32.

On November 22, 1865, Hiram C. Driggs, the proprietor of the plat, conveyed, by a quitclaim deed, "the equal undivided one-third part of all the right, title, interest, claim, or demand" of himself in those certain parcels of land known as "Penoyer Farm," described as N. E. ¼ of section 23, and N. W. ¼ of section 24, township 12 N., of range 4 E., and other land, to John F. Driggs. On May 27, 1869, Hiram C. Driggs and wife conveyed by warranty deed to John F. Driggs a large number of lots and blocks in said "Penoyer Farm," and, among others, the lots bordering on the strip of land in

controversy in blocks 59 and 60, as indicated on the plat heretofore set out. The property was described in the conveyance as:

"On the plat of 'Penoyer Farm,' so called, in the city of Saginaw; the said plat being recorded in the office of the register of deeds on the 25th day of November, 1864, in Liber No. 38 of Deeds, at page 73, and to which reference is here made. The parties to this instrument are tenants in common of the above-described property, and executed the same as a partition deed."

On November 18, 1871, John F. Driggs and wife executed and delivered to Erastus F. Gould, one of the defendants in this suit, a mortgage upon a number of lots and blocks in Penoyer farm, and, among others, the lots bordering on the strip of land in controversy, describing the lots and blocks as:

"In the recorded plat of the Penoyer farm, in the city of Saginaw and county aforesaid."

This mortgage was foreclosed, and title thereunder to all the property described in the mortgage passed to Erastus F. Gould, April 18, 1879. In the commissioner's deed the lots are referred to as:

"In the Penoyer farm, Saginaw city, Michigan, according to the recorded plat of said Penoyer farm in the office of the register of deeds for Saginaw county, Michigan."

On June 9, 1890, Erastus F. Gould conveyed to James B. Peter, the other defendant, by warranty deed, certain lots and blocks in said Penoyer farm, among others the lots bordering on the strip in controversy, and described—

"As designated on the map or plat of an addition to the city of Saginaw, Michigan, known as the 'Penoyer Farm,' said map or plat being in common use, and of record in the register's office.'

The land within this plat has been assessed by lots and blocks ever since 1864.

The plaintiff's case is based solely upon a conveyance made April 19, 1880, by the heirs of John F. Driggs to himself and A. T. Bliss and brother, and a deed from Bliss & Bro. to him. The consideration expressed in this first deed is the sum of one dollar and other valuable consideration, to them in hand paid, the deed conveying certain lands by specific descriptions. None of these descriptions cover the land in controversy here. The deed contains a clause conveying lands not specifically described, as follows:

"And the said first parties do hereby convey to said second parties all their right, title, claim, and interest in and to any and all lands situated in said Saginaw, Gratiot, Genesee, Shiawassee, Tuscola, and Bay counties, to which said first parties, as such heirs at law, have or are entitled to any claim or interest therein, all the said lands and premises lying and being in the State of Michigan."

The plaintiff's claim to this strip of land—if he has any claim—arises under this clause in this deed.

The contention upon the part of the defendants is that no title to the land in controversy here was ever conveyed to the plaintiff himself and A. T. Bliss & Bro., and none intended to be conveyed under the deed, as is evidenced by other recitals following the one heretofore set out in the deed, as follows:

"The purpose and intent of this deed being to convey to the said second parties all and each of the right, title, claim, and interest, either in possession or expectancy, of the said first parties, of, in, and to the above described premises by virtue of certain deeds of conveyance to the said John F. Driggs, deceased, viz.: One from Lovina Penoyer and others, heirs of Hiram S. Penoyer, of Saginaw city, deceased, dated 29th day of January, A. D. 1863, and recorded in the office of the register of deeds for said county of Saginaw, in the State of Michigan, in Liber 36 of Deeds, at page 84, etc.; and one from John Moore, administrator of the estate of

said Hiram S. Penoyer, deceased, to Hiram C. Driggs, dated 4th day of October, A. D. 1864, and recorded in the office of the register of deeds aforesaid, in Liber 36 of Deeds, at page 301, etc., and by the said Hiram C. Driggs and his wife conveyed to the said John F. Driggs, deceased, by deed dated 18th day of March, A. D. 1873, and recorded in the office of the register of deeds aforesaid, in Liber 70 of Deeds, at page 482."

It is contended on the part of the defendants that the effect of the clause commencing, "The purpose and intent of this deed being to convey," etc., in the deed to plaintiff and A. T. Bliss & Bro., is to limit the interest of the grantees to such interest as their grantors then had under and by virtue of the conveyances specified in such clause, viz., the deed from Lovina Penoyer and others to John F. Driggs, dated January 29, 1863, and from John Moore to Hiram C. Driggs, dated October 4, 1864, and from Hiram C. Driggs to John F. Driggs, dated March 18, 1873. We think this position well taken. The intention of the parties, as gathered from the whole instrument, will control; and, in case of a general description followed by a clause summing up the intention of the parties as to the premises conveyed, it has a controlling effect upon all prior phrases used in the description. *Ousby v. Jones*, 73 N. Y. 621; *Barney v. Miller*, 18 Iowa, 460, 466, 467; *Bates v. Foster*, 59 Me. 157; 3 Washb. Real Prop. (5th ed.) 425; *Witt v. Railway Co.*, 38 Minn. 127, 128 (35 N. W. Rep. 864, 865); *Sprague v. Snow*, 4 Pick. 54, 56; *Bent v. Rogers*, 137 Mass. 192, 194; *Paddack v. Pardee*, 1 Mich. 421; *Ryan v. Wilson*, 9 Id. 262; *Chapman v. Crooks*, 41 Id. 595; *Moran v. Lezotte*, 54 Id. 83; *Jones v. Pashby*, 62 Id. 621.

It is well stated by defendants' counsel in their brief that plaintiff's grantors, the heirs of John F. Driggs, have no right, title, claim, or interest in the land in question under any of those three conveyances specified

by them in their deed, which would pass under their conveyance, only as John F. Driggs had at the time of his death by virtue of such three deeds. They had no interest under the deed from Lovina Penoyer *et al.* to John F. Driggs, dated January 29, 1863, because John F. Driggs, during his life-time and on November 14, 1864, conveyed to Hiram C. Driggs the N. E. ¼ of section 23, and the N. W. ¼ of section 24, township 12 N., range 4 E., which was the land afterwards platted by Hiram C. Driggs as Penoyer farm, and embraced the land in controversy; and the land and premises described in the deed from Hiram C. Driggs to John F. Driggs under date of March 18, 1873, did not embrace the land in controversy.

The court below directed verdict in favor of the defendants, and plaintiff appeals. Inasmuch as plaintiff's grantors had no title to the premises in controversy under the deeds described, nothing passed under their deed to him, so far as the premises in controversy are concerned, and the verdict was properly directed in favor of the defendants.

Several other questions are raised by plaintiff's counsel in their brief, the principal ones relating to the plat, the dedication of the streets mentioned therein, and the acceptance by the public of the streets as public highways. In the view we have taken of the case, these questions do not become important in the present controversy, and we shall not pass upon them.

The judgment must be affirmed, with costs.

The other Justices concurred.