110   229
110   232

110   229
112   242
112   479

110   229
s 116   442

110   229
s 119   578

## MULLREED *v*. CLARK.

1. WILLS—CONSTRUCTION—CONTINGENT REMAINDER.

   A devise to the testator's wife for life, after her death to a designated son, and, "if he should die without heirs," to two specified daughters, vests the fee in the son if living at the testator's death, subject to be defeated if he dies without issue surviving him, under 2 How. Stat. § 5538, providing that, when a remainder is limited to take effect on the death of any person without "heirs," the word "heirs" shall be construed to mean heirs living "at the death of the person named as ancestor."

2. SAME.

   Under a devise to two of the testator's three daughters, coupled with the provision that, if either should die without heirs, "then their share is to go to the other sister," the third daughter of the testator takes upon the contingency mentioned.

3. SAME—CREATION OF ESTATE—SUSPENSION OF ALIENATION.

   Whether the provision of 2 How. Stat. § 5531, forbidding the suspension of the power of alienation for more than two lives in being at the creation of an estate, is violated by the terms of a given devise, is to be determined with reference, not to the time the will was executed, but to the time of the testator's death, since an estate under a will cannot be "created" in the testator's lifetime.

4. SAME.

   Thus, a devise to A. for life, after his death to B., and, in case of B.'s death without heirs, to C. and D., with remainder over to E. upon a like contingency, is valid, where A. did not survive the testator,—C. and D. each taking a defeasible fee in an undivided moiety upon B.'s death without issue.

Appeal from Wayne; Lillibridge, J. Submitted June 11, 1896. Decided July 21, 1896. Rehearing denied November 17, 1896.

Bill by George Mullreed, executor, etc., and another, against Thomas P. Clark and others, to construe the will of Thomas Phillips, deceased. From a decree for complainants, defendant Clark appeals. Reversed.

*Walter Barlow* (*George Gartner*, of counsel), for complainants.

*A. F. & F. M. Freeman* (*B. M. Thompson*, of counsel), for appellant.

LONG, C. J.   The bill in this case was filed to construe the will of Thomas Phillips, deceased, which reads as follows:

"I, Thomas Phillips, of the town of Van Buren, county of Wayne, and State of Michigan, being of sound mind and memory, and considering the uncertainty of this transitory life, make and publish this my last will and testament.   That is to say, after my debts are paid out of my personal estate, after that I will and bequeath unto my beloved wife all my real and personal estate, during her life.   After her death, the real estate I bequeath to my son James Phillips, providing, always, that he pays to my two daughters Mary Phillips and Jane Phillips the sum of one thousand dollars each, to be paid within three months after my death; and, if James Phillips should die without heirs, then my real and personal estate is to go to my two daughters Mary Phillips and Jane Phillips; but, if Mary or Jane should die without heirs, then their share to go to the other sister; and the personal estate and moneys left after my wife's death, if she outlives me, to be equally divided between my son James and my two daughters Mary and Jane."

The only question which we need consider is, who took the fee to the real estate of Thomas Phillips, under his said will?   The court below construed this will to give the fee to James Phillips, and found that the words, "if James Phillips should die without heirs," etc., referred to and meant the death of said James Phillips, without heirs, during the lifetime of said testator.   Of this construction appellant complains, claiming that the words quoted mean death at any time, without children, it having been conceded in this case that by the word "heirs" the testator meant "children."

At the date of the execution of this will, the testator's wife and six children were living. . One daughter, Mar-

garet Bonner, had previously died, leaving nine children. The wife died prior to the death of the testator. The son James Phillips died after the death of the testator, and without issue, and all of the other children, except John Phillips, have since died. All the children died without issue, except Elizabeth Clark and Margaret Bonner, and their children and John Phillips are the sole heirs at law of the testator. The will was duly admitted to probate, and the legacies were paid by James Phillips to Mary and Jane.

The learned court below was in error in the construction he placed upon the paragraph of the will under consideration. The statute provides:

. "When a remainder shall be limited to take effect on the death of any person without heirs, or heirs of his body, or without issue, the words 'heirs' or 'issue' shall be construed to mean heirs or issue living at the death of the person named as ancestor." 2 How. Stat. § 5538.

This statute was adopted from New York, and, before its enactment here, had received a construction by the New York courts. In *Sherman* v. *Sherman*, 3 Barb. 385, the will under consideration gave certain lands in fee to a son of the testator, and then provided that, if the devisee should die without child or children, then the lands should go to the testator's grandchildren. The court held that upon the death of the testator the devisee took a fee, defeasible under the executory devise over, and upon his dying without issue the grandchildren took. The court in that case cited the statute of which section 5538, 2 How. Stat., is a copy. The statute has been given a like construction by this court. *Goodell* v. *Hibbard*, 32 Mich. 47. "The person named as ancestor" means the person named by the testator as the ancestor; in the present case, James Phillips. James therefore took the fee, defeasible at his death without issue living at that time. At his death the fee, by the terms of the will, was cast upon the sisters Mary and Jane. They having died without issue, "the other sister" named in

the will was Elizabeth Clark, who was the only sister of Mary and Jane living at the time the will was made, and she consequently took the fee.

The decree of the court below must be reversed, and a decree entered here in accordance with these views. Defendant Clark will recover his costs of both courts from the estate.

The other Justices concurred.

ON APPLICATION FOR REHEARING.

LONG, C. J. This cause was in this court at the June term, 1896. An opinion was filed therein on July 21, 1896, and is reported, *ante*, 229. The cause was reversed, and decree directed to be entered here in favor of defendant Clark. Motion is now made by complainants for a rehearing. It is contended by counsel for complainants that the court erred in the construction given to the will of Thomas Phillips,—that, by the construction given, it suspends the power of alienation over the lands in question for a period of over four lives in being at the time of the creation of the estate. Such parts of the will as are necessary for its interpretation are set out in the former opinion.

Section 5531, 2 How. Stat., provides:

"The absolute power of alienation shall not be suspended by any limitation or condition whatever for a longer period than during the continuance of two lives in being at the creation of the estate," etc.

At the time the will was made, the wife of Thomas Phillips was living. She died before the testator. Yet counsel contend she took by the terms of the will an estate for life. The will cannot be construed as taking effect when executed. No estate is created until the death of the testator. Until that time arrives the testator may change or alter it. The rule is well settled that the estate is created at the death of the testator, and not at the time

the will is executed. Gray, in his Rule Against Perpetuities (section 231), states:

"As the law should not take wanton pleasure in thwarting the intention of the testator, it seems strange that it could ever have been supposed that the question of remoteness was to be determined by the state of things at the date of a testator's will, and not at the time of his death. The object of the rule . against perpetuities is to confine the vesting of contingent estates to a short period after their creation; and if it is certain when the estate is created that the contingent event must happen within the required time, it seems a needless interference with the testamentary power to say that the estate is bad because at some time before the estate was created, and when its existence was entirely in the control of the testator, it was not certain that the contingent event would happen within the required time.  *  *  * The rule that the question of remoteness is to be determined from the time of the testator's death, and not of his will, is now settled."

The learned author cites many cases in support of this rule. In Chaplin on Suspension of the Power of Alienation (section 87), this rule is also stated. It is said: "The creation of the estate takes place at his death, and the lives must be then in being." This rule was not only followed in the cases cited by Mr. Gray, but settled in *Griffen* v. *Ford*, 1 Bosw. 123; *Dungannon* v. *Smith*, 12 Clark & F. 546; *McArthur* v. *Scott*, 113 U. S. 340.

The wife of the testator being dead at the time of the creation of the estate, James Phillips was the first taker. The sisters Mary and Jane do not take successive estates in the lands, but each takes a defeasible fee in an undivided moiety, and as to each moiety the power of alienation is suspended for another life, and thus the power as to the whole for only two lives in being at the creation of the estate. The "other sister," Elizabeth Clark, therefore took the fee, as held in the former opinion.

The motion for rehearing must be denied.

The other Justices concurred.