MULLREED *v.* THUMB.

1. DEEDS—CONSTRUCTION—INTENT.

A deed, purporting to convey lands specifically described, recited, immediately after the description, that the express intent of the instrument was to convey all of the grantor's right, title, and interest in the premises "by reason of her being an heir at law of J., * * * now deceased." It afterwards developed that the parties were mistaken in supposing that the grantor had an interest as heir of J., but that she was entitled, as heir of E., to an interest considerably larger. *Held*, that the court would not subvert the clear intent of the parties by giving the deed effect as a conveyance of the entire interest derived through E.

2. SAME—REFORMATION—EQUITY.
　　Whether equity would so reform the deed that it should convey an interest equal to that supposed to be owned by the grantor at the time of its execution,—*quaere.*

Appeal from Wayne; Hosmer, J. Submitted January 25, 1898. Decided March 29, 1898.

Bill by George Mullreed against Anna Clark-Thumb, impleaded with Thomas P. Clark and John F. Clark, for a partition of real estate. From a decree for complainant, defendant appeals. Reversed.

*Walter Barlow,* for complainant.

*A. F. & F. M. Freeman* (*B. M. Thompson,* of counsel), for defendant.

MONTGOMERY, J. The bill in this case was filed for partition of 100 acres of land situated in the township of Van Buren, Wayne county, Mich. The land was formerly owned by Thomas Phillips, deceased, who devised it, by the terms of his last will, to his wife, and after her death to James Phillips, his son, upon condition that said James Phillips pay to testator's two daughters, Mary and Jane Phillips, $1,000 each, within three months after testator's death. This money was paid by James Phillips within the time specified in the will. The will contained the further provision that, in case of death of James Phillips without heirs (meaning issue), the real estate should go to testator's two daughters, Mary and Jane Phillips, but, in case of death of Mary or Jane without heirs (meaning issue), then their share should go to "the other sister." The testator's wife died prior to his death. Thomas Phillips, the testator, died July 1, 1877; and his will was duly probated in the Wayne probate court on August 6, 1877. Mary Phillips died June 12, 1887, without issue. Jane Phillips died February 23, 1890, without issue. Elizabeth Clark, a daughter of said testator, died July 30, 1892, leaving Thomas P. Clark and John F.

Clark, sons, and Jennie Clark-Mullreed and Anna Clark, daughters, her only children and heirs at law, her surviving. James Phillips died September 17, 1893, without issue. By a decision of this court made July 21, 1896, construing the will of said Thomas Phillips, it was held that inasmuch as James Phillips, Mary Phillips, and Jane Phillips died without issue, the title to said real estate went to Elizabeth Clark, under the meaning of the words "the other sister," contained in said will, and that her heirs and their assigns were now the owners of said land. See *Mullreed* v. *Clark*, 110 Mich. 229, 232.

Prior to the controversy over the meaning of the terms of the last will of said Thomas Phillips, deceased, Anna Clark and Jennie Clark-Mullreed exchanged real estate under the arrangement shown by their respective deeds, and the contract under which the deeds were executed. These deeds were made June 14, 1894. The deed from Anna Clark (now Anna Clark-Thumb) conveyed to Jane Mullreed (also known by the name of Jennie Clark-Mullreed) the grantor's interest in "all those certain pieces or parcels of land situate in the township of Van Buren, Wayne county, Michigan, described as follows, to wit: The east half ($\frac{1}{2}$) of the northeast quarter ($\frac{1}{4}$) of section thirty (30), and also the west part of the southwest fractional quarter ($\frac{1}{4}$) of section twenty (20), town three (3) south, of range eight (8) east, containing one hundred (100) acres of land, be the same more or less,"—the lands described in the bill in this cause. The deed from Jane Mullreed to Anna Clark conveyed the S. $\frac{1}{2}$ of the W. $\frac{1}{2}$ of the W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section 19, township of Bridgewater, Washtenaw county, Mich.,—24 acres of land, more or less. The deed from Anna Clark conveyed about 25 acres of land, hers being a one-quarter interest in the 100 acres in question; and the deed from Jane Mullreed conveyed about 24 acres.

Jennie Clark-Mullreed died April 4, 1895, leaving a last will, in which George Mullreed, her husband, the complainant herein, is named as her sole legatee. Her said

will has been duly probated in the Wayne probate court, and her estate closed, and the residue assigned to George Mullreed by the order of that court.

The deed from Anna Clark (now Anna Clark-Thumb) to Jennie Clark-Mullreed conveyed lands described as follows:

"The east half of the northeast quarter of section number thirty (30), containing eighty (80) acres of land, more or less, and the west part of the southwest fractional quarter of section number twenty (20), containing twenty (20) acres of land, more or less, and all in the township of Van Buren, Wayne county, Michigan, and containing in all one hundred (100) acres of land, more or less. The express intent of this instrument being to convey unto said Jane Mullreed all the right, title, and interest of Anna Clark in and to the above premises by reason of her being an heir at law of James Phillips, who in his lifetime was possessed of said above-described premises, and said James Phillips being now deceased."

These deeds were not delivered at their date to the respective grantees, but were deposited with A. F. Freeman under an agreement executed by the parties contemporaneously with the execution of the deeds, which agreement recited that Mrs. Mullreed had filed a claim against the estate of James Phillips, which had been allowed before commissioners on claims; that Anna Clark claimed a right to contest the claim, and also a right to prefer a claim against the estate; that both were heirs of James Phillips,—and stated that "said Jennie Clark-Mullreed makes deed and conveyance of certain land she owns in Manchester, running to Anna Clark, to be delivered to her in case no appeal is taken from the allowance of the claim before commissioners;" "that said Anna Clark agrees to make no appeal from said claim as allowed, and executes a quitclaim deed and a bill of sale, also attached hereto, running to said Mullreed, conveying her interest and title in the real and personal estate of said James Phillips."

Jennie Clark-Mullreed died April 4, 1895, leaving a last

will, in which complainant is named as sole legatee. It would appear that both Mrs. Mullreed and Miss Clark supposed, at the date of these conveyances, that they were heirs of James Phillips, and that, as such, Miss Clark held a one-twelfth interest in the lands described in the deed to Mrs. Mullreed. It turns out that Miss Clark had no interest at all in these lands as heir to James Phillips, but that she did have a one-fourth interest as heir to her mother, Elizabeth Clark, who took under the will of Thomas Phillips. The sole question in controversy is, What passed by this deed? Complainant contends that whatever interest Miss Clark had at the time passed. Defendant, on the other hand, insists that the deed, at the most, conveyed no greater interest than that which the parties supposed Miss Clark to possess as heir to James Phillips. Complainant contends that the description was complete without the clause declaring the intent, and invokes the rule that a deed is to be construed most strongly against the grantor, and that when a definite description is followed by other clauses of limitation, either in the *habendum* or otherwise, the limitations are to be disregarded. Defendant's counsel concede that, if this limitation appeared in the *habendum*, it would be insufficient to limit the grant, but contend that the expression of intent should be treated as a part of the description.

The general rule is that the intention of the parties to an instrument is to be ascertained from a reading of the entire instrument. It is true, there are other rules to be observed in ascertaining the intent from the instrument, among which is the rule that the deed is to be taken most strongly against the grantor. Another rule is that a repugnancy between different clauses of the deed must be resolved in favor of the first. This latter rule is usually invoked when there has been an attempt to limit the granting clause by the *habendum*, or when there is an attempt to except something specifically granted. This rule should be acted on only as a last resort, and generally the first inquiry is, What was the intention of the parties,

as expressed by the instrument? *Bassett* v. *Budlong*, 77 Mich. 338 (18 Am. St. Rep. 404). It is true that courts have in some cases subordinated this rule of construction to that which gives preference to the first expression of the grantor, and have done so in some cases at the expense of sacrificing the intent of the parties as plainly expressed. With due deference, we think this was the effect of the decision in *Green Bay, etc., Canal Co.* v. *Hewett*, 55 Wis. 96 (42 Am. Rep. 701). This court has, however, not so applied this latter rule as to subvert the intent of the parties, when plainly expressed. *Bassett* v. *Budlong supra; Plummer* v. *Gould*, 92 Mich. 1 (31 Am. St. Rep. 567); *Powers* v. *Hibbard*, 114 Mich. 533; *Bates* v. *Foster*, 59 Me. 157 (8 Am. Rep. 406). We think the limitation immediately following the description makes clear the intent to limit the estate conveyed to such estate as comes to the grantor as heir of James Phillips. As to whether the deed should be treated as conveying nothing, or whether it should be reformed to correct the mistake under which the parties seem to have been laboring, we cannot determine on this issue. As to whether equity may afford relief in such a case, see *Renard* v. *Clink*, 91 Mich. 1 (30 Am. St. Rep. 458). If complainant so elects, the case may be remanded, with leave to amend his bill and take further proofs upon this subject; otherwise decree will be entered here in accordance with defendant's contention. Defendant will recover costs of this court.

The other Justices concurred.