MULLREED v. THUMB.

VENDOR AND PURCHASER—FAILURE OF TITLE—RESCISSION.
   Two sisters entered into an agreement whereby one conveyed
   certain lands to the other in consideration of the latter's re-
   linquishing her right to appeal from an allowance of the
   former's claim against an uncle's estate, and of her giving a
   deed of her interest in lands supposed to belong to such
   estate.    Upon its developing after settlement that the lands
   covered by the deed were no part of the uncle's property, the
   grantee sought a rescission of the contract.    *Held,* that
   inability to place the grantor *in statu quo,* because of the
   lapse of the time in which she might have appealed from the
   allowance of the claim, rendered the relief sought inequitable.

Appeal from Wayne; Frazer, J.    Submitted January 27, 1899.    Decided March 23, 1899.

Bill by George Mullreed against Anna Clark-Thumb, impleaded with Thomas P. Clark and John F. Clark, for a partition of real estate.    From the decree rendered, complainant appeals.    Affirmed.

*Walter Barlow,* for complainant.

*A. F. & F. M. Freeman (B. M. Thompson,* of counsel), for defendant.

HOOKER, J.    The history and nature of this controversy will be found in the cases of *Mullreed* v. *Clark,* 110 Mich. 229, and *Mullreed* v. *Thumb,* 116 Mich. 440.    The

latter was a partition case, and this court did not make a final decree, but allowed the case to be remanded, with leave to the complainant to file an amended bill and take further proof. Such bill was filed, and the cause is now here upon a decree which is not satisfactory to the complainant. It will be seen, by a reference to the case last cited, that leave was given to file a bill to reform the contract by showing that it was the design of the parties to convey and receive an undivided twelfth interest in the premises, and not to limit the estate conveyed to such interest as Mrs. Thumb might have as heir of James Phillips. No attempt has been made to do this, but the claim now made is that the complainant should be allowed to rescind the contract upon the ground that both parties supposed the land to belong to James Phillips' estate.

The estate of James Phillips was not limited to this land. There was considerable personal property, and few claims besides Mrs. Mullreed's, though it does not appear how much Mrs. Mullreed received upon her $3,000 claim. Mrs. Thumb had an undoubted right to appeal from the allowance of this claim, and she relinquished this, and quitclaimed her interest in the land as heir of James Phillips, and received therefor a deed to 24 acres of land. The complainant is in no position to put Mrs. Thumb *in statu quo*, as she has lost her right to contest the claim. The relinquishment of her right to appeal was a valid consideration, and there would be as great a probability of injuring Mrs. Thumb by permitting a rescission as there could be of injuring the complainant by denying it. The former opinion seems to limit the complainant to an amendment with a view to reforming the deed so that he might receive a twelfth interest, and contains no hint that rescission would be allowed. We are not convinced that it would be equitable, if the right is not excluded by our former decision.

The decree is affirmed.

The other Justices concurred.