[No. 4410.]

ALLEN v. HALL.

**Conveyances—Limitation as to Title Conveyed.**

Defendant deeded to plaintiff certain real estate as security for a loan. Afterwards plaintiff acquired from another source a conveyance which vested in plaintiff the superior title. Defendant brought action to have the deed from defendant to plaintiff declared a mortgage. Plaintiff executed to defendant a quitclaim deed, which after the usual recitals of conveyance, recited that it was given for the sole purpose of surrendering to defendant the same title which plaintiff had acquired from defendant under the security deed and in consideration of the dismissal of the suit. Held, that the quitclaim deed did not convey the title acquired by plaintiff subsequent to the execution of the security deed from defendant to plaintiff.

*Appeal from the District Court of Lake County.*

Mr. T. A. DICKSON, for appellant.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Appellant brought an action in ejectment against apellee to recover possession of real estate situate in the city of Leadville, and for damages and costs.

From a judgment in favor of the defendant the plaintiff appeals.

It appears that defendant deeded the property in controversy to plaintiff as security for a loan; that after this transaction the defendant remained in possession, and either paid rent or interest to the plaintiff, it is immaterial which, and then brought an action for the purpose of having her deed to plaintiff declared a mortgage. This action was settled, and plaintiff executed and delivered to defendant a quitclaim deed for the premises, which recited, in substance, after the general statement that grantor conveyed all her right, title and interest in such premises, that it was given for the sole purpose of surrendering to the grantee the same title which the grantor had acquired from the defendant under the deed given the grantor as security, and in consideration of the dismissal of the action brought by defendant for the purpose of having her deed declared a mortgage. It also appears that after the execution of the deed from the defendant to plaintiff the former secured a conveyance which, in connection with *mesne* conveyances, upon its face established her title and ownership in fee to the premises in dispute. The court found that the limitation in the deed from plaintiff to defendant was without the knowledge or consent of the latter, and announced as a conclusion of law that the purchase by plaintiff of the outstanding title merged in her the title in fee, and that by the execution and delivery of the deed from the plaintiff to the defendant the title was vested in the latter.

With respect to the finding of fact to the effect that the limitation in the quitclaim deed from plaintiff to defendant was inserted without the knowledge or consent of the latter, it is sufficient to say that no such case was made by the pleadings, nor was there any evidence to support such a finding. The defend-

ant relied upon that deed and claimed, according to her answer, that as worded, it conveyed all the right, title and interest of the plaintiff in and to the premises in controversy. Whether or not there was a merger of the two titles obtained by plaintiff is immaterial in this case. The real question is, what title did the plaintiff convey to the defendant, under which the latter asserted ownership to the premises in dispute? According to the plain language of the deed, which the plaintiff gave to the defendant, the plaintiff only conveyed that title which she had obtained through the conveyance of the defendant to her. The intention of parties to a conveyance as gathered from the whole instrument will control, so that a general description of title, followed by a clause stating the intention of the parties as to the particular title conveyed, controls the prior recitations on the subject.— *Plummer v. Gould,* 92 Mich. 1.

Plaintiff only purported to convey the title which she had received from the defendant; consequently, whatever other title may have been vested in her at the time of that transfer was not affected by the one given defendant. It was upon the title which plaintiff obtained after the conveyance from defendant, that she asserted her right to the possession and ownership of the premises. It appears from the evidence introduced that this title was superior to that of defendant. No testimony was introduced by the latter which would defeat that title or give her the right to the possession of the premises as against the plaintiff.

The judgment of the district court is therefore reversed, and the cause remanded for a new trial.

*Reversed.*