### 9476

#### McCHESNEY v. SMITH.

#### (89 S. E. 639.)

1. APPEAL AND ERROR—REVIEW—FINDINGS OF REFEREE.—Where appellant fails to make it appear that the findings of the referee are against the greater weight of the evidence, the facts found will be accepted as true.

2. SPECIFIC PERFORMANCE — AGREEMENT DIVIDING PROPERTY. — Where defendant, under mistake of facts materially affecting his rights, without fault on his part, made an agreement with his father's widow concerning the division of his father's estate, the enforcement of which would practically deprive defendant of all interest in the estate working great hardship upon him, while the Court's refusal to enforce the agreement would work no hardship or injustice to the widow, merely remitting her to her original rights, specific performance of the agreement will not be decreed, as specific perform-

ance is not a matter of absolute right, but rests in the sound discretion of the Court.

3. SPECIFIC PERFORMANCE—REQUIREMENTS.—A Court of equity will not decree specific performance unless the contract is fair, just and equitable, or if it fails to express the true agreement of the parties by fraud, accident, or mistake.

Before MOORE, J., Laurens, May, 1915.    Affirmed.

Action by Jennie A. McChesney against J. C. Smith, individually, and as executor of the estate of D. C. Smith. From a judgment for defendant, plaintiff appeals.

*Messrs. Haynsworth & Haynsworth* and *Richey & Richey,* for appellant, cite: *As to whether the facts of this case present a case for abatement on account of the alleged shortage in acreage:* 2 Speer 68; 23 S. C. 105; 41 S. C. 198; 35 S. C. 391; 58 S. C. 473; Rice Eq. 55; 68 L. R. A. 908; 12 Pac. 84; Pom. Eq. Juris., secs. 850, 855, 856 and 871; Bailey Eq. 343; 2 Strob. Eq. 148; 46 S. C. 220; 60 S. C. 477.

*Messrs. C. C. Featherstone* and *Simpson, Cooper & Babb,* for respondent, cite: *As to mutual mistake:* 69 Tex. Civ. 437; 5 Am. St. R. 78; 25 Tex. 354; 78 Am. Dec. 574; 13 Ill. 396; 55 Am. St. Rep. 495 to 512; Pom. Eq. Juris., secs. 839 and 856; Bailey Eq. 343 and 492; 2 Strob. Eq. 148, 150, 153; 46 S. C. 15; 102 U. S. 415; 156 U. S. 680; 36 Am. St. Rep. 422; 36 *Ib.* 241; 113 *Ib.* 501.

July 20, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

FOOTNOTE.—Effect of mistake of fact by defendant on right to specific performance of a contract induced thereby, see note in 15 L. R. A. (N. S.) 81.

This is an action for specific performance. Plaintiff was the second wife and widow of D. C. Smith. After his death, she married McChesney. By his first wife, D. C. Smith had three children, J. C. Smith, defendant herein, Mrs. Walker and Mrs. Anderson. The last named predeceased her father, leaving her husband and two children, who are infants. D. C. Smith died in February, 1912, leaving two wills, in both of which J. C. Smith was appointed executor. One of the wills, presumably the last made, was probated, in common form, in February, 1912, and J. C. Smith qualified as executor. By this will, testator gave his widow one-fourth of his personal estate, and his home place, said to contain 150 acres. His disposition of the residue is not material here. Testator did not own all of the home place. In part of it his children and grandchildren had some interest, and it was so adjudged in this suit against the widow for partition.

In January, 1913, J. C. Smith and Mrs. Walker demanded proof of the will in solemn form, in which proceeding its validity was attacked for incapacity of testator and undue influence upon him, and it was finally annulled on those grounds. While this contest was pending in the probate Court, plaintiff and defendant undertook to effect a settlement, so as to end the litigation. They met, their attorneys being present, and a statement of the assets and liabilities of the estate, prepared by one of the attorneys from information given him by J. C. Smith, was presented and used as the basis of settlement. On that statement a certain tract of land was put down as containing 1,000 acres at $20 per acre. According to the statement, the net value of the estate was $15,300. Thereupon plaintiff and defendant signed the following agreement:

"J. C. Smith, individually, and as executor of the estate of D. C. Smith, proposes that Mrs. Jennie A. Smith accept either one of the following propositions, to wit: (1) Four thousand dollars payable on January 1, 1914, with interest

from August 1, 1913, she to retain the personal property which she has already received, except the silver waiter which she is to return to J. C. Smith, and she is to keep the lands which she holds by deed; or (2) one-fourth of the entire estate of D. C. Smith after paying all debts and liabilities.    In either case Mrs. Smith is not to be charged any rents for the home place prior to August 1, 1913, but she is to pay $10 per month from August 1, 1913, and is to deliver possession by December 1, 1913, or before.    Mrs. Smith is further to be relieved from all costs, except her attorney's fees, in the pending litigation.

"Mrs. Smith binds herself to accept either one of said propositions by notice in writing within 20 days from this date, and this is to be in full of all her interest in the estate of D. C. Smith.    This agreement is to be carried out by such decrees or conveyances as the attorneys of the said J. C. Smith in the pending suit may determine upon.

"Witness our hands and seals this the 30th day of July, 1913, A. D."

Within 20 days thereafter, plaintiff notified defendant in writing of her acceptance of offer No. 1 in the agreement. Within 30 days after her acceptance of this offer, defendant's attorneys wrote plaintiff's attorneys that, after the offer had been made and accepted, it had been discovered that the tract supposed to contain 1,000 acres actually contained only 640 acres, and that a debt of the estate, amounting to $700, and a contingent liability—indorsement of a note for $400— had been overlooked, and for these reasons defendant would not stand to the agreement, but would pay plaintiff $2,200 instead of $4,000, as per the terms of the agreement, or she could still accept offer No. 2.    Plaintiff's attorneys replied that the reasons assigned for refusing to comply with the agreement were insufficient, and they would insist on defendant's compliance with the offer as accepted by plaintiff.    Thereupon the litigation in the probate Court was resumed, and resulted in the will being adjudged void,

as before stated. The other will was then proved, and J. C. Smith qualified as executor. This will gave the widow one-fourth of testator's estate, and a like part to each child, the grandchildren together taking one-fourth.

Plaintiff then brought this action to compel defendant to perform his agreement. After hearing all the evidence, the referee found that the agreement was based on the statement above mentioned, and that it contained a mutual mistake of fact as to the acreage of the tract mentioned. He found that the aggregate amount of liabilities was substantially the same as on the statement. He recommended that the complaint be dismissed, and his recommendation was confirmed by the Court.

Appellant has failed to make it appear that the findings of the referee are against the greater weight of the evidence. Therefore the facts found are accepted as true. Thy involve the finding that defendant acted in good faith and was not guilty of negligence in ascertaining the facts upon which the statement was made up.

That being so, the conclusion reached by the Court below was inevitable. While there is force in the argument of appellant that settlements made by way of compromise, and especially settlements of family disputes, are favored by the Courts, and should not be scanned too narrowly at the instance of either party, or lightly overthrown, yet she has overlooked at least one important principle, applicable in such cases, which is that much depends upon whether such settlements are executory or have been executed, and whether the original status of the parties can be restored without material detriment.

A party who seeks to uproot an executed settlement has a much greater burden than one who resists performance of an executory agreement to make a particular settlement, especially when it is made to appear that the latter is inequitable, as it was in this case. If defendant should be required to perform the agreement, it would work a great hardship

upon him and practically deprive him of all interest in his father's estate, and that notwithstanding the agreement was entered into under mistake of facts materially affecting his rights, without fault on his part. On the other hand, no hardship or injustice will be done to plaintiff, by remitting her to her original rights.

The specific performance of agreements is not a matter of absolute right, but rests in the sound discretion of the Court. The exercise of that discretion will, of course, depend upon the facts and circumstances of each case. A Court of equity will not decree specific performance, unless the contract is fair, just and equitable, nor if it fails to express the true agreement of the parties, by reason of fraud, accident, or mistake. *Marthinson* v. *McCutchen,* 84 S. C. 265, 266, 66 S. E. 120, and authorities cited.

Judgment affirmed.