9488

OWINGS *ET AL.* v. WOOD *ET AL.*

(89 S. E. 667.)

WILLS—ESTATES CREATED—CONSTRUCTION—"OTHER EQUIVALENT WORDS."
—Civ. Code 1912, sec. 3551, provides that whenever an estate is lim-
ited to take effect on death of any person, without heirs of the body,
or issue, or issue of the body, or other equivalent words, they shall
mean failure at the time of such person's death.  Section 3571 pro-
vides that no words of limitation shall be necessary to convey an
estate in fee simple, by devise, but every gift of land by devise shall
be considered as in fee, unless contrary to the intention of the tes-
tator.  *Held,* that "heirs" falling within "other equivalent words",
has the effect of those specifically mentioned, so that where testator
granted an estate providing that if two of his children devisees died
leaving no heirs, the property was to go to certain other children by
his second wife, such other children were entitled to the estate on
the death of the primary devisees without issue or children then
living.

Before MEMMINGER, J., Greenville, November, 1915. Affirmed.

Action for partition by T. R. Owings and others against Minerva Wood and others. Decree for plaintiffs, and defendants appeal.

*Mr. J. J. McSwain,* for appellants, distinguishes 93 S. C. 182, and cites: *As to construction of will:* 1 McC. L. 49; 3 Hill L. 194; McM. Eq. 206; 2 Strob. Eq. 221; 1 Rich. Eq. 400; 3 Rich. Eq. 574; 3 S. C. 77; 4 S. C. 18; 4 S. C. 83; 11 S. C. 306; 17 S. C. 434; 11 S. C. 306; 40 Cyc. 1396, 1398, 1428, 1459, 1412, 1495; 37 S. C. 255; *Ib.* 265; 69 S. C. 292; 52 S. C. 561; 30 A. & E. Enc. of L. 668 and 675; 6 Rich Eq. 26. *Heirs expectant:* Civil Code 3555.

*Messrs. James M. Richardson* and *Townes & Earle,* for respondent, cite: 93 S. C. 182; 21 Cyc. 419; 40 Cyc. 1382 and 1392; 23 S. C. 236; 2 McC. 36; 36 S. C. 38; 46 S. C. 180 and 240, 241; 48 S. C. 349; 59 S. C. 151.

August 10, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for partition, and involves the construction of Robertson M. Owings' will, who died in 1880, leaving Charity Owings, his second wife, and the following children by a former wife, to wit: Minerva Wood, Susan Jones, Polly McCreary, and Elizabeth Owings; also the following children, by his second wife, viz.: Rebecca Jones, John W. Owings, J. R. Owings, and T. R. Owings. Polly McCreary, Elizabeth Owings, and John W. Owings died without leaving lineal descendants. J. R. Owings died leaving surviving him his widow, Lavinia Owings, and five children, to wit: Mamie Etta Thackston, Wm. R. Owings,

Stella Elizabeth Thackston, J. Toy Owings, and Bessie May Pearson, an infant. The defendant, Wm. McCreary, is the husband of Polly McCreary, deceased.

The controversy arises out of the fifth clause of the will, which is as follows:

"It is my will and desire, that my Goodwyn tract of land, after the death of my wife, be equally divided between Polly McCreary and Elizabeth Owings, by paying Minerva Wood twenty-five dollars, provided, Polly McCreary and Elizabeth Owings dies, leaving no heirs, then it is to go to my wife, Charity Owings' four children."

His Honor, the Circuit Judge, ruled that the plaintiffs and the infant defendant, Bessie May Pearson, were entitled to partition, and the appellants assign error in such ruling.

Section 3551 of the Code of Laws is as follows:

"Whenever, * * * in any will of a testator hereafter dying, an estate, either in real or personal property, shall be limited to take effect on the death of any person without heirs of the body, or issue, or issue of the body, or other equivalent words, such words shall not be construed to mean an indefinite failure of issue, but a failure at the time of the death of such person."

And section 3571 of the Code of Laws provides that:

"No words or limitation shall be necessary to convey an estate in fee simple by devise, but every gift of land by devise shall be considered as a gift in fee simple, unless such a construction be inconsistent with the will of the testator, expressed or implied."

It is true the word "heirs" is not mentioned in section 3551 of the Code of Laws, in express terms, but the statute clearly shows that it was intended to embrace other words than "heirs of the body," "issue," or "issue of the body;" otherwise it would not have said "or other equivalent words." In fact, we are unable to conceive of any other equivalent word, except "heirs," that would render necessary a resort to the provisions of the statute, in order to

prevent a limitation from taking effect upon the death of a person, on the ground that it was too remote. This conclusion is sustained by the case of *Duke* v. *Faulk,* 37 S. C. 255, 16 S. E. 122, 34 Am. St. Rep. 745, in which it is held that the words "heirs at law," "legal heirs," and "heirs of the body" are kindred phrases or terms. New York (Real Property Law (Consol. Laws, c. 50), sec. 48) and Michigan (How. Ann. St., sec. 10644) have a statute similar to section 3551 (*Mullreed* v. *Clark,* 110 Mich. 229, 68 N. W. 138, 989), in these words:

"Where a remainder shall be limited to take effect on the death of any person without heirs, or heirs of his body, or without issue, the words 'heirs,' or 'issue' shall be construed to mean heirs or issue living at the death of the person named as ancestor." .

Thus showing that the words "heirs," "heirs of the body," and "issue" were regarded as equivalent for the purposes intended.

There is another reason why the exceptions cannot be sustained. The testator must be presumed to have contemplated the possibility that Polly McCreary and Elizabeth Owings would die without any heirs at the time of their deaths, except the four children of Charity Owings; yet, even in that event those children would not have been entitled to the land, under the provisions of the will, nor would they have become the owners of the land by inheritance from Polly McCreary and Elizabeth Owings, if they had disposed of the land in fee, previous to their deaths, either by deed or by will. It will thus be seen that the intention of the testator might be defeated in two respects, if the word "heirs" should be construed to denote an indefinite succession instead of a failure of heirs, at the time of the deaths of Polly McCreary and Elizabeth Owings. *Davis* v. *Hodge,* 102 S. C. 178, 86 S. E. 478; *Swan* v. *Poag,* 4 S. C. 16.

Appeal dismissed.

Messrs. Justices Watts, Fraser and Gage concur in the opinion of the Court.

Mr. Justice Hydrick dissents.