9949

BULL v. FALLAW *ET AL.*

(96 S. E. 147.)

1. SPECIFIC PERFORMANCE—DISCRETION OF COURT.—Whether specific performance will be decreed in a given case is a matter of discretion for the Court.

2. SPECIFIC PERFORMANCE—ADJUDICATION OF RIGHTS OF PARTIES.—A Court of equity, in an action for specific performance, has jurisdiction to adjudicate all of the rights of the parties to the action.

3. SPECIFIC PERFORMANCE—SALE OF LAND—RIGHT TO SURPLUS PROCEEDS. —In action for specific performance of contract for sale of land, where master reports incumbrances on land in excess of contract price, and Court decrees sale of land to satisfy such incumbrances, and proceeds of sale exceed amount of incumbrances, plaintiff is not entitled to such surplus.

Before GARY, J., Orangeburg, October, 1916.  Reversed.

Action by P. Webb Bull against Anna B. Fallaw and others.  Judgment for surplus proceeds of judicial sale, and defendants appeal.

Following is the decree of the Circuit Court:

"Ordered, adjudged and decreed that the said report be, and the same hereby is, confirmed in all of its particulars and is made the judgment of this Court.

"Further, that, in so much as the defendants, Anna B. Fallow and Missouri L. Bozard, are unable to specifically perform their contracts heretofore entered into to sell and convey the premises hereinafter described to the plaintiff for the sum of forty-eight hundred dollars for the reason that the mortgage indebtedness thereon, the legal charges and liens thereon, together with the costs of this action, exceed the sum of forty-eight hundred dollars, all of which appears more fully and in detail in the said report, the said master do sell the said premises at Orangeburg courthouse, S. C., on sales day in November next, or upon some convenient sales day thereafter, after due legal notice, and during the hours for legal sales, at public auction to the highest bidder for cash, the purchaser to pay the master for papers and all taxes falling due after date of sale; and in case the purchaser fails to comply with the terms of sale, then that the premises be resold on the same or some subsequent sales day at the same terms at the risk of the former purchaser.  Further, that the master execute unto the compliant bidder or pur-

chaser a good and sufficient deed to the said premises, upon production of which he or they shall be entitled to be let into possession thereof. Further, that the master may sell the said premises as a whole, or may subdivide the same and sell in parcels, as in his discretion may seem best for the interest of all the parties concerned. Further, that from the proceeds of such sale the master do pay: (1) The costs and expenses of this action, including taxes due; (2) the mortgage debt of the defendant, Thomas M. Raysor; (3) the mortgage debt of the defendant, W. J. Keenan; (4) the mortgage debt of Joseph A. Berry; (5) the sum of five hundred dollars to the defendant, Carrie F. Shuler, which payment shall be made to her or to her attorneys; and (6) the surplus, if any, to the plaintiff or his attorneys. Further, that the defendant, John L. Ulmer, has no right or interest in the premises whatsoever. Further, that the defendant, Carrie F. Shuler, has no interest whatsoever in the premises save as hereinbefore stated. Further, that the defendant, W. J. Keenan, has no interest in the said premises further than is hereinbefore stated."

The following is a description of the premises described to be sold:

"All that certain piece, parcel, or tract of land, situate, lying and being in the county of Orangeburg, in the State aforesaid, containing two hundred and forty acres, more or less, and bounded on the north by lands of Fred. H. Gramling, D. B. Fogle, Lucius Bozard, and L. M. Zeiger; on the east by lands of Fred. H. Gramling and D. B. Fogle; south by lands of estate of T. R. McCants and Carrie L. Shuler; and on the west by lands of Carrie L. Shuler, Tilden F. Riley, J. C. Bozard, Zula Bozard, and E. Fulton Bozard; being the lands lately belonging to Canady F. Bozard, deceased, as shown by a plat of Fred. H. Gramling, surveyor, dated September 16th, 1909. October 12th, 1916."

*Messrs. Colcock & Colcock, DePass & DePass,* for appellants. *Messrs. DePass & DePass* cite: *As to disposition of*

*surplus proceeds of sale:* 79 S. C. 143; 70 S. C. 351; 21 S. C. 121; Richardson's Equity Cases ·245. *As to requiring defendants to put up a bond as condition of appeal:* 81 S. C. 564; 81 S. C. 522.

*Messrs. Wolfe & Berry,* for respondents, cite: *As to power of Court in an action for specific performance to order sale of the property:* 97 S. C. 261; 97 S. C. 269; 20 Encyc. Pl. & Prac., p. 504; p. 478; pps. 479, 480. *As to disposition of surplus proceeds of sale:* 93 S. C. 244; Pomeroy's Equity Juris., sec. 406; 11 Rich. 54; 12 Rich. Eq. 343; 53 S. C. 315; Story's Eq. Juris. 1212; 39 Cyc. 1641; 93 S. C. 245.

April 3, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The action was for specific performance. All parties having or claiming any interest in the lands, or what might have been any interest therein, were duly made parties. The plaintiff and defendant, Fallaw, individually and as trustee of Bozard, entered into a contract for the sale of lands described in the pleadings for $20 per acre. This amounted to $4,800. After the contract was entered into several questions arose as to the validity of the title, whether a title in deed in fee simple, clear and unincumbered, could be given. All issues were referred to the master, both of law and fact. The master made his report, wherein he found that the liens and incumbrances on the land were in an amount in excess of the purchase price. Judge Gary passed an order confirming the report of the master, and decreed that the lands should be sold. The lands were sold at a price considerable in excess of the $4,800, agreed purchase price, and, after all claims were paid in accordance with Judge Gary's decree, a considerable surplus was left, which was claimed by the plaintiff. This claim is resisted by the

defendant, who claims she should be entitled to it. The matter again came up before Judge Gary, to decide who should have this surplus. His Honor decided that the plaintiff was entitled to this surplus, virtually decreeing specific performance in favor of the plaintiff. From this decree defendants appeal, and allege error in the decree and seek reversal.

The exceptions are numerous, and will not be considered separately, as, in our view of the case, the decree must be reversed on the ground that it is a matter of discretion lodged in the Court, in all actions for specific performance, whether or not the Court will decree specific performance. When the master reported that the incumbrances on the property were more than the agreed purchase price, the action for specific performance was practically abandoned, and a decree made for sale of the lands to pay off the incumbrances.

A Court of equity, when it acquired jurisdiction in a claim made for a specific performance, can retain jurisdiction, and adjudicate all of the legal rights of the parties to the suit in conformity with justice, equity and good conscience. The Court is bound to see that complete justice is done to the parties before the Court.

The decree of his Honor, in allowing the surplus in the hands of the master to be turned over to the plaintiff, does not appeal to us as being a fair, just, and equitable thing to do under the facts and circumstances peculiar to this case. We cannot agree to the finding of the capable and high-minded Circuit Judge, as specific performance is not a matter of absolute right, but rests in the sound judicial discretion of the Court, guided by established principles. *Davenport v. Latimer,* 53 S. C. 572, 31 S. E. 630; *McChesney v. Smith,* 105 S. C. 176, 89 S. E. 639. The facts and circumstances in this case do not appeal to us as such a fair, just and equitable contract that, in the exercise of the discretion of a Court of good conscience and equity,

a decree of specific performance should be made. The decree of his Honor to the surplus funds in master's hands is reversed.

Reversed.

MESSRS. JUSTICES HYDRICK and GAGE concur.

MR. CHIEF JUSTICE GARY. I dissent for the reasons stated in the decree of his Honor, the Circuit Judge.

MR. JUSTICE FRASER. *Concurring specially.* I concur in the result in the opinion of Mr. Justice Watts. It seems to me that this is not a proceeding for specific performance, in which the Court is allowed discretion. The respondent alleged a contract of sale, but that there was a cloud on the title. The appellants admitted the contract of sale, but denied the defect in the title. The trial Court held that the appellants could not convey according to the contract. That was the end of respondent's case, if it had stopped there; but it did not stop there. By agreement of all parties, the case was reopened after the sale that showed a surplus over the contract price. The second decree reaffirmed the first decree. The first decree found that the conveyance could not be made. It seems to me that it is illogical and untenable to hold that, while the respondent is not bound by a contract modified to his hurt, the appellants are bound to a contract modified to their hurt. The position that, while the respondent is not entitled to the land, he is entitled to the surplus of the proceeds of the sale of the land, should not be sustained. It is true, in order to do justice, a Court may order a sale of the land, and the surplus turned over to him who seeks relief; but that is on the theory that the person who seeks relief is the equitable owner of the land. In this case the respondent is declared not to be the owner. The finding that the appellant could not convey has not been appealed from, but reaffirmed, and is the law of this case. Immediately preceding the sale the respondent, under the

decree of the Court, was out of the case, and the case proceeded to determine the rights of codefendants.    The parties themselves did nothing to change the status.    If the land had sold for less than the claims, the appellant would have been liable for the deficit.    There is no deficit, but a surplus, and I think the surplus should go to the appellants.