**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Belinda Davis-Branch and Zipporah Sumpter,
Appellants,

v.

Elizabeth Jackson, Melvin Jackson, individually and as parents of M., M., and M. Jackson, Respondents.

Appellate Case No. 2016-002019

———————————

Appeal From Orangeburg County
Maite Murphy, Circuit Court Judge

———————————

Unpublished Opinion No. 2019-UP-254
Submitted June 1, 2019 – Filed July 17, 2019

———————————

**AFFIRMED**

———————————

Thomas Ray Sims, Sr., of Thomas Ray Sims Attorney, of Orangeburg, for Appellants.

Paul Winford Owen, Jr., of Paul W. Owen, Jr., LLC, of Orangeburg, for Respondents.

———————————

**PER CURIAM:** Belinda Davis-Branch and Zipporah Sumpter (Attorneys) appeal the circuit court's judgment against Elizabeth and Melvin Jackson (Clients) in this breach of contract action, arguing the circuit court erred by failing to include

Clients' confession of judgment in its final order.  Because Clients' purported confession was only an oral statement made during a hearing, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Seabrook Island Prop. Owners' Ass'n v. Berger*, 365 S.C. 234, 238, 616 S.E.2d 431, 434 (Ct. App. 2005) ("Where there is a contract, the award of attorney's fees is left to the discretion of the trial [court] and will not be disturbed unless an abuse of discretion is shown." (quoting *Baron Data Sys., Inc. v. Loter*, 297 S.C. 382, 384, 377 S.E.2d 296, 297 (1989))); S.C. Code Ann. § 15-35-360 (2005) (stating a confession of judgment must be written, signed by the defendant, and verified by oath).[1]

**AFFIRMED.**[2]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[1] We note that on appeal, Attorneys did not challenge the circuit court's decision to award them one-third of Clients' settlement instead of compensating them for the hours they spent representing Clients.  Accordingly, this ruling is now the law of the case.  *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case."); *Amick v. Hagler*, 286 S.C. 481, 486, 334 S.E.2d 525, 528 (Ct. App. 1985) (finding the appellant waived an argument because she "did not take exception to [a certain] aspect of the order [on appeal] or mention it in her brief").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.